UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LISA M. GRIMSLEY,

    Plaintiff,

Case No. 11-15312
Hon. Thomas L. Ludington

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

In this Social Security case, Plaintiff Lisa Grimsley appealed the decision of Defendant Commissioner of Social Security denying Plaintiff disability benefits. On April 12, 2012, the parties submitted a stipulated order reversing Defendant's decision and remanding the case for a rehearing at the agency level pursuant to the fourth sentence of 42 U.S.C. § 405(g). ECF No. 13.

Plaintiff now moves for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 14. Specifically, Plaintiff requests that the Court order Defendant to pay attorney fees in the amount of $4,681.92, which is comprised of 6.75 hours of work in 2011 at the rate of $179.21 per hour and 19 hours of work in 2012 at $182.75 per hour. Plaintiff further requests that the attorney fees be paid directly to her attorney, rather than Plaintiff herself, explaining that the she has executed a written fee assignment agreement in favor of her attorney.

Defendant opposes the motion on two grounds. ECF No. 15. First, Defendant opposes the hourly rate requested. Asserting that the Court should award no more than the statutory rate of $125 per hour, Defendant requests that the Court reduce the attorney's fee award to

$3,218.75. Second, Defendant opposes paying the award directly to the attorney. The right to attorney fees under § 2412, Defendant notes, "is a creation of Congress and the Supreme Court unanimously held that an EAJA award is subject to offset to satisfy a preexisting debt that the litigant owes the federal government." Def.'s Opp'n 2 (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010)). Defendant argues that it "will not be able to determine whether Plaintiff has any pre-existing federal debts or the amount of any such debts as of the date of the EAJA award until after this Court grants the award." *Id.* at 3. Consequently, Defendant requests that the Court order that the award be paid directly to Plaintiff rather than her attorney.

Plaintiff replies that the amount requested is reasonable because the statutory rate is not fixed, but floating. ECF No. 15. "Cost of living increase is specifically mentioned in the EAJA as a factor justifying a fee greater than $125," Plaintiff writes, elaborating: "According to the Consumer Price Index Calculator . . . applying this cost of living increase to $125 per hour yields an hourly rate of $179.21 for work performed in 2011 and a hourly rate of $182.75 for work performed in 2012." Samoray Aff. ¶ 6, *attached as* Pl.'s Reply Ex. 1. Plaintiff does not, however, contest Defendant's objection that the award should not be paid directly to the attorney.

Plaintiff is correct that the statutory rate is not fixed at $125. Section 2412 of Title 28, as amended in 1996, provides in pertinent part that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see* Contract With America Advancement Act of 1996, Pub. L. No. 104-121, § 232(b)(1) (1996) (substituting "$125" for "$75").

"In enacting this fee limitation," the Sixth Circuit explains, "Congress attempted to provide full market compensation for successful litigants while, at the same time, containing costs." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 548 (6th Cir. 1986) (quoting

*Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d 211, 216-17 (D.C. Cir. 1984)). "Inflation is a fact of life," the Sixth Circuit further observes. *Morvant v. Constr. Aggregates Corp.* 570 F.2d 626, 632 (6th Cir. 1978); *see generally* Thomas R. Ireland, *Confusion about "Inflation Risk,"* 10 J. Legal Econ. 53, 54 (2000) ("Put simply, the primary risk of inflation is not whether inflation will or will not occur. The primary risk lies in the inability to predict exactly what the future rate of inflation will be."). Consequently, several circuits hold that in calculating a fee award under § 2412, "adjustments for increases in the Consumer Price Index are . . . essentially perfunctory or even mandatory." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *Coup v. Heckler*, 834 F.2d 313, 320 (3d Cir.1987)). The Sixth Circuit, however, "leaves the matter to the sound discretion of the district court." *Begley*, 966 F.2d at 196 (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)).

Although discretionary, in this case the Court concludes that a standard of living adjustment pegged to the Consumer Price Index is appropriate. Based on the U.S. Department of Labor's "CPI Inflation Calculator," Plaintiff is correct that $125 dollars in 1996 has the same buying power as $179.21 in 2011 and $182.75 in 2012. *See* CPI Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited June 1, 2012). In passing, the Court notes that even after adjusting for inflation, the attorney fee awarded is substantially below the average market rate for legal services in the United States.[1]

---

[1] Indeed, the billing rate is less than half the national average. *See generally* Debra Weiss, *Hourly Billing Rates Continue Upward Climb*, ABA Journal (Mar. 5, 2012) (noting that in 2011, hourly billing rates had "an average of $661 for partners and senior counsel. . . . The average for associates was $445 in 2011."), *available at* http://www.abajournal.com/news/article/hourly_billing_rates_continue_upward_climb_partner_and_senior_counsel_avera/.

Plaintiff will be awarded attorney fees in the amount of $4,681.92.  As Plaintiff does not contest Defendant's objection that the award should not be paid directly to the attorney, however, Defendant will be ordered to pay the award to Plaintiff rather than her attorney.

Accordingly, it is **ORDERED** that the Plaintiff's motion for attorney fees (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that attorney fees in the amount of $4,681.92 in favor of Plaintiff and against Defendant.

It is further **ORDERED** that the attorney fees be paid directly to Plaintiff.

Dated: June 6, 2012

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2012.

        Tracy A. Jacobs
        TRACY A. JACOBS