UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LISA M. GRIMSLEY,

    Plaintiff,                                      Case No. 11-15312
                                                Hon. Thomas L. Ludington

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

In this Social Security case, Plaintiff Lisa Grimsley appealed the decision of Defendant Commissioner of Social Security denying Plaintiff disability benefits. On April 12, 2012, the parties submitted a stipulated order reversing Defendant's decision and remanding the case for a rehearing at the agency level pursuant to the fourth sentence of 42 U.S.C. § 405(g). ECF No. 13. Plaintiff then moved for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 14. Specifically, Plaintiff requested that the Court order Defendant to pay attorney fees in the amount of $4,681.92 directly to her attorney (rather than Plaintiff herself). Plaintiff explained that she executed a written fee assignment agreement in favor of her attorney.

Defendant opposed the motion on two grounds. ECF No. 15. First, Defendant opposed the hourly rate requested, contending that "there is no basis to find that a rate above $125 per hour is justified under the EAJA." Second, Defendant opposed paying the award directly to the attorney. The right to attorney fees under § 2412, Defendant noted, "is a creation of Congress and the Supreme Court unanimously held that an EAJA award is subject to offset to satisfy a

preexisting debt that the litigant owes the federal government." Defendant argued that it "will not be able to determine whether Plaintiff has any pre-existing federal debts or the amount of any such debts as of the date of the EAJA award until after this Court grants the award." *Id.* at 3. Consequently, Defendant requested that the Court order that the award be paid to Plaintiff, not her attorney, elaborating: "the Commissioner respectfully requests that this Court order payment of fees under the EAJA be made to Plaintiff and not to her counsel. Then, if the Commissioner can verify that Plaintiff owes no pre-existing debt subject to offset on the date of the award, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel."

Plaintiff replied to Defendant's first objection, asserting that amount requested was reasonable because the statutory rate is not fixed, but floating, and that an upwards adjustment is appropriate to account for inflation. ECF No. 15. Plaintiff did not, however, contest Defendant's objection that the award should not be paid directly to the attorney.

The Court granted the motion in part and denied it in part. ECF No. 17. Noting the statutory rate is not fixed at $125, but may be adjusted to reflect inflation, the Court concluded that the amount requested was reasonable. As Plaintiff did not contest Defendant's objection that the award should not be paid directly to the attorney, however, the Court ordered that Defendant pay the award to Plaintiff rather than her attorney.

I

Plaintiff now moves for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6). Acknowledging that Defendant objected "to the hourly rate requested and direct payment of any award to the attorney," Plaintiff explains that she did not respond to the objection because she "believed that the issue was addressed in the initial Motion

and Memorandum. Cited was the case of [*Astrue v. Ratliff*, 130 S. Ct. 2521 (2010)] for the legal proposition that EAJA fees can be paid directly to an attorney when a prevailing party assigns the rights to do so." Pl.'s Br. Supp. Mot. for Reconsideration 2, ECF No. 19.

One week after filing the motion for reconsideration, Plaintiff filed a supplemental brief explaining that she does not in fact object to the manner in which Defendant proposes to pay the award. ECF No. 20. Plaintiff elaborated:

> Upon further review, plaintiff misinterpreted defendant's objection as to payment of the award. Defendant objected to direct payment of attorney fees to the plaintiff's attorney for the purpose of determining any pre-existing federal debts as of the date of the award Once verification of any outstanding pre-existing federal debts subject to offset is made, defendant then agreed to make direct payment to plaintiff's counsel pursuant to the EAJA assignment provided.
>
> Plaintiff does not have an objection to this position. As a result, plaintiff would merely request the Opinion and Order reflect the additional portion of defendant's position allowing for direct payment of the EAJA to plaintiff's counsel after any pre-existing federal debt is determined and offset.

Pl.'s Supplemental Br. Supp. Mot. for Reconsideration 1–2, ECF No. 20 (internal citations omitted). For the following reasons, the Court will deny Plaintiff's motion.

**II**

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Id.* Here, Plaintiff moves pursuant to subsections one and six.

Relief under Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999)). A mistake of law by the court must involve a fundamental misconception of law or a conflict with a clear statutory mandate. *Cacevic*, 226 F.3d at 490. And, although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.*

In this case, Plaintiff has identified neither an excusable litigation mistake, nor a mistake of law or fact by the Court, nor extraordinary circumstances that merit relief from judgment. Plaintiff acknowledges that in her reply brief she addressed only one of the two objections made by Defendant. (As noted, Plaintiff addressed the objection as to the amount of the award, but not the objection as to the manner in which the award would be ordered paid.) Plaintiff further acknowledges that in moving for reconsideration, she "misinterpreted defendant's objection as to payment of the award." And Plaintiff acknowledges that, after further inspection of the papers, she in fact has no objection to the manner in which Defendant proposes to pay the award. In

sum, Plaintiff identifies neither substantive mistake of law or fact in the final judgment, nor extraordinary circumstances meriting relief from the judgment.[1]

Accordingly, it is **ORDERED** that the Plaintiff's motion for relief from the judgment (ECF No. 19) is **DENIED**.

Dated: June 25, 2012

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2012.

> Tracy A. Jacobs
> TRACY A. JACOBS

---

[1] As an aside, the Court notes that although Plaintiff is not entitled to the relief that she requests under Rule 60, the Court trusts that the foregoing will be sufficient to dispel any lingering confusion over the manner in which the award will be paid.